**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SAMUEL AREFAYNE,

　　　　　　　　　　　Petitioner,

　　v.

PATRICK ZIEMER, *et al.*,

　　　　　　　　　　　Respondents.

Case No. 26-cv-02357-BAS-AHG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Samuel Arefayne filed a habeas petition pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration custody. (ECF No. 1.) The Government does not oppose the request. (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released from immigration custody subject to supervision under the standard conditions authorized by 8 U.S.C. § 1231(a)(3)

**I.    LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It

- 1 -

applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

The Department of Homeland Security ("DHS") arrested Petitioner on December 13, 2024. (ECF No. 1, at ¶ 22.) On July 11, 2025, an Immigration Judge ordered Petitioner removed, but granted withholding of removal to Eritrea. (*Id.* ¶ 2.) That order became final on August 11, 2025, when DHS failed to appeal. (*Id.*) Petitioner argues that it is now well beyond the presumptively reasonable six-month period established in *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that there is no significant likelihood that Petitioner will be removed from the United States in the reasonably foreseeable future. (*Id.* ¶ 6.) He has not received any travel documents, nor has the Government identified any lawful country likely to accept him for removal. (*Id.*)

The Government agrees that it is "unable to ascertain sufficient facts at this time to establish that there is a significant likelihood of removal in the reasonably foreseeable future" under *Zadvydas*. (ECF No. 5.) Hence the Government "acknowledge[s] that Petitioner is entitled to be released from custody subject to conditions of supervision." (*Id.*) Accordingly, the Court **GRANTS** the Petition and issues the following writ:

> The Court **ORDERS** that Samuel Arefayne (A#249-141-925) be released from immigration custody forthwith subject to supervision under the standard conditions authorized by 8 U.S.C. § 1231(a)(3). In addition, DHS is ordered not to re-detain Petitioner unless it obtains travel documents for a country other than Eritrea. Finally, DHS is ordered not to remove Petitioner to a third country without notice and a reasonable opportunity for Petitioner to be heard on this third country.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 2 -

26cv2357